NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL DOLLISON,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-2322

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-4691, Senior Judge Alan G. Lance, Sr.

---

Decided: September 25, 2018

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

JOSHUA E. KURLAND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM, CHAD A. READLER; JONATHAN KRISCH, Y.

KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before O'MALLEY, CLEVENGER, and STOLL, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Veteran Michael Dollison appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed a decision of the Board of Veterans' Appeals ("Board") denying Dollison entitlement to service connection for post-traumatic stress disorder ("PTSD") but granting him entitlement to service connection for major depressive disorder ("MDD"). *Dollison v. Shulkin*, No. 15-4691, 2017 WL 1324250 (Vet. App. Apr. 11, 2017). Dollison argues that the Veterans Court erred in denying him entitlement for PTSD by failing to apply the presumption articulated in *Cohen v. Brown*, 10 Vet. App. 128 (1997). Because the Department of Veterans Affairs granted Dollison a rating for his entitlement to service connection for MDD, and because Dollison fails to demonstrate how entitlement to service connection for PTSD rather than or in addition to MDD would result in a better rating or otherwise greater benefits, we *dismiss* this case for lack of standing.

## BACKGROUND

Dollison is a veteran of the United States Army National Guard with periods of active duty for training from October 1981 to February 1982 and in August 1984 and June 1986. In 2011, Dollison filed a claim for benefits seeking entitlement to service connection for PTSD. In this claim, he reported that he experienced stress and panic during his training as an infantryman and when he injured his right thumb during active service. The Department of Veterans Affairs denied the claim in a Rating Decision dated September 23, 2011. Dollison appealed. While the appeal was pending, medical examiners provid-

ed varying assessments of Dollison's psychiatric condition, including assessments of PTSD, MDD, or both.

On September 1, 2015, the Board denied Dollison entitlement to service connection for PTSD but granted him entitlement to service connection for MDD. In its decision, the Board credited a June 2015 report from an examining psychologist, which explained that Dollison's "history, test results, and symptom presentation" were more consistent with a diagnosis of MDD than of PTSD. J.A. 37. Accordingly, the Department of Veterans Affairs granted Dollison a rating of 50 percent. Suppl. J.A. 2. Dollison appealed to the Veterans Court, which affirmed the Board's decision. Dollison now appeals to this court, seeking entitlement to service connection for PTSD under the *Cohen* presumption.

In response, the government argues that "Dollison fails to demonstrate prejudice from the [B]oard characterizing (and granting benefits for) his psychiatric condition as MDD rather than PTSD" because "any recharacterization of his condition or additional grant of service connection for PTSD would result in no further benefit to Mr. Dollison, who cannot be compensated twice for the same symptomatology." Appellee's Br. at 15. During oral argument, the court asked the parties whether the government's position, if true, would deprive Dollison of standing on appeal. Because the parties were unable to provide definitive answers in response, the court requested that the parties file supplemental letter briefs addressing the following question: Whether there exists a concrete and particularized injury in fact sufficient to confer Article III standing in this case. *Dollison v. Wilkie*, No. 17-2322, ECF No. 36, slip op. at 1–2 (Fed. Cir. Mar. 29, 2018). The parties filed their supplemental letter briefs on August 20, 2018. For the reasons stated below, we find that Dollison has not met his burden of demonstrating standing.

DISCUSSION

To establish Article III standing, the appellant "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). "To establish injury in fact, a[n appellant] must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The appellant bears the burden of demonstrating standing. *See id.* at 1547.

Here, Dollison argues that he should have been diagnosed with PTSD under the *Cohen* presumption rather than with MDD. The government contends that Dollison has not demonstrated an injury in fact because he has failed to show that a diagnosis of PTSD would result in a better rating than a diagnosis of MDD, when ratings are formulated based on the symptoms that the veteran presents.

Indeed, 38 C.F.R § 4.130, which sets out the schedule of ratings for mental disorders, is structured such that, once a service-connected mental disorder is established, a single formula based on symptoms is used to calculate the rating, regardless of the diagnostic label. For example, the General Rating Formula for Mental Disorders set out in this regulation provides for a rating of 100 for veterans experiencing "[t]otal occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations . . . ." § 4.130. In contrast, the same formula provides for a rating of 0 if a "mental condition has been formally diagnosed, but symptoms are not severe enough either to interfere with occupational and social functioning or to require continuous medication."

*Id.* In other words, the government is correct that a rating is determined not by the diagnostic label, but by the symptoms that result from the service-connected mental disorder. Accordingly, to demonstrate an injury in fact in this case, Dollison must establish that he suffers from symptoms of PTSD that are not also symptoms of MDD or that a diagnosis of PTSD would result in some other greater benefit to Dollison.

We find that Dollison has failed to meet this burden. While it may be true, as Dollison contends, that the "recognized array of symptoms for PTSD is greater and more varied than for MDD," Appellant's Suppl. Br. at 4, Dollison has not demonstrated that he suffers from symptoms of PTSD that are not also symptoms of MDD. This is similar to the facts in our decision in *Amberman v. Shinseki*, 570 F.3d 1377, 1381 (Fed. Cir. 2009), where we "recognize[d] that bipolar affective disorder and PTSD *could* have different symptoms and it could therefore be improper in some circumstances for the [Department of Veterans Affairs] to treat these separately diagnosed conditions as producing only the same disability," but found it significant "that there were no manifestations of one mental disorder that were not also manifestations of the other." *Id.* Therefore, we found no error in treating the separately diagnosed conditions as producing only the same disability. *Id.* Similarly, here, Dollison has not demonstrated that he suffers from manifestations of PTSD that are not also manifestations of MDD. Therefore, Dollison has failed to establish anything more than a hypothetical injury because he has not alleged facts sufficient to demonstrate that a diagnosis of PTSD would result in a better rating.

Nor has Dollison demonstrated that a diagnosis of PTSD, rather than of MDD, would result in any other greater benefit. Dollison contends that he suffers a concrete injury "because his MDD condition has not been rated as permanent and total," and that, therefore, "if at

any time during the next 14 years VA determines that his condition [h]as materially improved under the ordinary conditions of life, based on MDD alone," then his total rating can be reduced. Appellant's Suppl. Br. at 7–8. But Dollison fails to allege facts demonstrating that the same would not also be true if he were diagnosed with PTSD. Instead, Dollison merely states, without citation in support, that "[i]t is far more likely that [his] MDD will improve in the next 14 years before his current rating is protected," and that "[i]n contrast, it is far more likely that his PTSD will remain severe and intractable, which is the nature of this mental disease." Appellant's Suppl. Br. at 9. Therefore, we conclude that Dollison's unsubstantiated and hypothetical statements fail to demonstrate a concrete and particularized injury in fact.

### CONCLUSION

For the reasons stated above, we find that Dollison has failed to meet his burden of demonstrating an injury in fact. Therefore, we *dismiss* this case for lack of standing.

### DISMISSED

### COSTS

No costs.